OPINION
On April 18, 1997, Fairfield County Sheriff Deputy Gary Kennedy cited appellant, Michael J. Owen, for operating a semi-tractor trailer rig overloaded in violation of R.C. 5577.04. Appellant was scheduled to appear for arraignment on May 1, 1997. On said date, appellant's employer appeared on his behalf and the trial court set a trial date for May 20, 1997.
On May 20, 1997, appellant appeared for trial. Prior to trial, the trial court arraigned appellant. Appellant requested a continuance but said request was denied. The case proceeded to trial and appellant was found guilty as charged. The trial court imposed a $973.00 fine plus court costs.
Appellant filed a notice of appeal and this matter is now before this court for consideration. Assignments of error are as follows:
I
 THE TRIAL COURT ERRED IN REFUSING TO GRANT DEFENDANT A CONTINUANCE ON THE DATE OF TRIAL WHEN DEFENDANT WAS ARRAIGNED IMMEDIATELY PRIOR TO TRIAL AND (1) DEFENDANT FACED POSSIBLE JAIL TIME AND WAS THEREFORE ENTITLED TO COUNSEL; (2) DEFENDANT REQUESTED TO SPEAK TO AN ATTORNEY; (3) NO WAIVER OF COUNSEL OCCURRED EITHER ORALLY OR IN WRITING; AND (4) DEFENDANT SPECIFICALLY REQUESTED A CONTINUANCE TO SPEAK TO COUNSEL.
II
 DEFENDANT'S CONVICTION FOR VIOLATION OF REVISED CODE § 5577.04 WAS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
Appellant claims the trial court erred in denying him a continence to obtain advice from counsel. We agree.
It is undisputed appellant did not appear for his arraignment and did not enter a plea until the morning of trial. Prior to trial and again at the conclusion of Deputy Kennedy's direct testimony, appellant requested a continuance to obtain advice from counsel. T. at 5, 19. Said request was denied. T. at 7, 20.
 Traf.R. 8 governs procedures at arraignment. Subsection (D) (1) specifically provides as follows:
 (D) Explanation of rights. Before calling upon a defendant to plead at arraignment the judge shall cause him to be informed and shall determine that defendant knows and understands:
 (1) That he has a right to counsel and the right to a reasonable continuance in the proceedings to secure counsel, and, pursuant to Criminal Rule 44, the right to have counsel assigned without cost to himself if he is unable to employ counsel;
Appellant was charged with violating R.C. 5577.04. The penalty for such an offense is a graduated fine schedule based on weight. R.C. 5577.99. Appellant was charged and convicted of being 27,100 pounds overweight and was fined pursuant to statute, $973.00 plus court costs. Although no jail penalty is prescribed for a first offense, the amount of the calculated fine went beyond the statutory fine for a minor misdemeanor.
Given the procedural posture sub judice, we find the trial court erred in denying appellant a continuance per Traf.R. 8 (D) (1).
Assignment of Error I is granted.
 II
Based upon our decision in Assignment of Error I, this assignment of error is moot.
The judgment of the Lancaster Municipal Court of Fairfield County, Ohio is hereby reversed and remanded.
By Farmer, P.J., Gwin, J. and Hoffman, J. concur.
 JUDGMENT ENTRY
CASE NO. 1997 CA 00046
For the reasons stated in the Memorandum-Opinion on file, the judgment of the Lancaster Municipal Court of Fairfield County, Ohio is reversed and remanded to said court for trial.